No. 18,218.

VICTOR GINSBERG *v.* GLENN A. FELDMANN.
(330 P. [2d] 135)

Decided September 29, 1958.

Mr. LEON GINSBERG, Mr. E. CLIFFORD HEALD, for plaintiff in error.

Messrs. TULLIS, TROTT & JOHNSON, for defendant in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the Court.

THE parties to this writ of error will be designated as they appeared in the trial court where plaintiff in error was plaintiff and defendant in error was defendant.

In his amended complaint plaintiff asserted two claims. The first sought judgment against defendant Feldmann in the sum of $8,500 predicated on a promissory note executed by Feldmann in favor of his former wife, and by her endorsed to plaintiff.

The second claim was in the nature of a creditor's bill against Feldmann and his brother Carl R. Feldmann, and alleged that immediately following the execution of the promissory note set forth in the first claim, Glenn A. Feldmann made a voluntary conveyance to his brother Carl by way of a $36,000 mortgage on certain property owned by Glenn and situate in El Paso County, Colorado, for the purpose and with the intention of hindering, delaying and defrauding the creditors of Glenn A. Feldmann, including the plaintiff and his predecessors in interest in the note sued on in the first claim.

After the case was at issue between plaintiff and Glenn A. Feldmann, plaintiff filed an affidavit in attachment in which he stated that Glenn A. Feldmann was indebted to him in the sum of $8,985 and had fraudulently conveyed or transferred his property or effects so as to hinder or delay his creditors. A writ of attachment was issued in the action and levy thereof made on the same property on which defendant Glenn A. Feldmann had placed the $36,000 mortgage.

Defendant traversed the affidavit in attachment, alleging that he had entered into a contract to exchange the property levied upon for other property of equal value in El Paso County, Colorado; he further alleged that the averments in the affidavit in attachment were false and untrue and moved for a dissolution of the attachment.

Trial of the issues presented by the affidavit and traverse thereof were had on December 3, 1956, and resulted in a dissolution of the attachment.

On January 7, 1957, defendant Glenn A. Feldmann

gave the sheriff of El Paso County a bond in the sum of $9,000, which bond was approved by the sheriff, and upon filing the bond the trial court ordered the property released.

Trial of the issues in the main case has not been had. On the trial of the traverse the court determined "that the affidavit [on which the attachment was issued] had not been sustained and that the attachment be dissolved." In connection with the ruling it is manifest that the trial court heard all competent evidence and resolved the issue against plaintiff.

There being sufficient competent evidence to sustain the findings and orders of the trial court, they will not be disturbed on review.

The judgment is affirmed.